**TOWER ASPHALT, INC., Appellant,**

v.

**DETERMAN WELDING AND TANK SERVICE, INC., Respondent,**

**Joseph Steven Puchtel, Individually and d/b/a Steve's Oil Company, et al., Defendants.**

No. C9–94–1836.

Court of Appeals of Minnesota.

May 2, 1995.

Review Denied June 29, 1995.

Charles K. Dayton, William H. Koch, Leonard, Street and Deinard, Minneapolis, for appellant Tower Asphalt, Inc.

Timothy R. Thornton, Diane B. Ray, Briggs & Morgan, Minneapolis, for respondent Determan Welding and Tank Service, Inc.

Considered and decided by NORTON, P.J., PARKER and SCHUMACHER, JJ.

## OPINION

NORTON, Judge.

Appellant contends the district court applied the wrong statute of limitations when it barred appellant's claim. Respondent contends this appeal is untimely. We hold that the appeal is timely and the federal statute of limitations for hazardous substance cases preempts the state statute of limitations. We reverse and remand.

## FACTS

Appellant Tower Asphalt, Inc., operates an asphalt plant on a parcel of land that it owns in West Lakeland Township, Minnesota. From 1973 to July 1980, Tower leased a portion of its land to Steve's Oil Company, owned by respondent Joseph Puchtel. Tower believes that Puchtel also operates respondent corporation, Energy Systems Programs, Inc. (ESP). From 1978 to July 1980, Steve's Oil and/or ESP used the land it leased from Tower to store and reclaim solvents, oil, and other petroleum products.

In July 1978, respondent Determan Welding and Tank Service, Inc., delivered and installed an above-ground storage tank that Steve's Oil and/or ESP had ordered. On July 18, 1978, as Steve's Oil and/or ESP attempted to fill the storage tank with solvents and waste oil, a "sudden release" of the hazardous material occurred. No one had replaced the temporary drain cap on the bottom of the storage container with a permanent plug; the temporary cap gave way under the pressure of the materials placed in the container and caused the spill. The hazardous materials washed out the sand near the storage tank and pooled in that area. The Minnesota Pollution Control Agency

(MPCA) approved the efforts of Steve's Oil and/or ESP to clean up the hazardous material and remove the soil from that area. According to Tower's complaint, "All parties involved believed the removal of the soil resolved any further environmental concerns regarding the sudden release of hazardous material."

In May 1987, Tower learned of possible groundwater contamination in nearby Lakeland, Minnesota. When Tower had its well water tested, the results indicated the presence of tetrachloroethane, trichloroethane, and dichloroethane. The MPCA was informed of the presence of these chemicals in Tower's groundwater. On February 26, 1993, the MPCA served Tower with notice that it would be receiving a "request for response action," requiring Tower to address the underground contamination on its property. Tower has spent over $50,000 in clean-up costs pursuant to the MPCA's mandate.

Tower brought this action against Determan and Puchtel on April 28, 1993 and twice amended the complaint. Without answering the complaint, Determan moved for judgment on the pleadings. After a hearing, the district court dismissed the complaint with prejudice based upon an expired statute of limitations. Tower moved for reconsideration or, in the alternative, certification as a final judgment pursuant to Minn.R.Civ.P. 54.02. The court maintained its original ruling and amended the order to state that there was "no just reason for delay" of entry of judgment.

## ISSUES

1. Is this appeal timely?

2. Does CERCLA preempt Minnesota's statute of limitations for hazardous substance cases?

## ANALYSIS

### 1. Timeliness of Appeal.

Determan contends certification was not necessary because the November 1993 judgment was already "final." We disagree.

When, as here, an action involves multiple claims or multiple parties, the court has the authority to direct entry of final judgment on less than all the claims or parties if "there is no just reason for delay." Minn.R.Civ.P. 54.02. Without that express ruling, the court's decision is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Id.*

Tower raised various claims against Determan and Puchtel d/b/a Steve's Oil and ESP. No defendant answered the complaint. Only Determan moved for and received judgment on the pleadings. Although the remaining defendants may be in default, the court did not render judgment against them. The district court did not abuse its discretion in certifying the judgment pursuant to rule 54.02. *See Novus Equities Corp. v. Em–Ty Partnership*, 381 N.W.2d 426, 428 (Minn. 1986) (court has broad discretion to decide whether immediate appeal of partial summary judgment is warranted). We note further that the record also demonstrates Determan conceded to the certification when, in a hearing on this issue, counsel suggested the district court incorporate the "magic words" into the denial of the motion to reconsider in order to "make sure that this thing is an appealable order now."

## 2. CERCLA

Tower contends the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) preempts Minnesota's statute of limitations and allows state law claims to accrue on the date of discovery of property damage. We agree.

This issue is one of first impression in Minnesota. 42 U.S.C.A. § 9658(a)(1) (Supp. 1994) provides:

**(a) State statutes of limitations for hazardous substance cases**

**(1) Exception to state statutes**

In the case of any action brought under State law for personal injury, or property damages, which are caused or contributed to by exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility, if the applicable limitations period for such action (as specified in the State statute of limitations or under common law) provides a commencement date which is earlier than the federally required commencement date, such period shall commence at the federally required commencement date in lieu of the date specified in such State statute.

*Id.* (emphasis in original). The "federally required commencement date" is "the date the plaintiff knew (or reasonably should have known)" that the hazardous substance caused or contributed to the personal injury or property damages. 42 U.S.C.A. § 9658(b)(4)(A). Practically speaking, CERCLA

essentially preempts state statutes of limitations if those state law claims are based upon exposure to hazardous substances released into the environment and the applicable limitations period provides for an earlier commencement date than federal law.

*Soo Line R. Co. v. B.J. Carney & Co.*, 797 F.Supp. 1472, 1487 (D.Minn.1992); *see also Kowalski v. Goodyear Tire & Rubber Co.*, 841 F.Supp. 104, 106–07 (W.D.N.Y.1994) (allowing CERCLA to preempt expired state statute of limitations); *G.J. Leasing Co. v. Union Elec. Co.*, 825 F.Supp. 1363, 1369 (S.D.Ill.1993) (Illinois and CERCLA had same discovery rule).

■ Tower's case meets the four statutory elements necessary to invoke the federally required commencement date: "property damage," "caused" by "hazardous substances" that were "released into the environment" from a "facility." 42 U.S.C.A. § 9658. Tower claims property damage to the groundwater, which was allegedly caused by the hazardous substances that Determan admits were released into the environment from the malfunctioning storage container. *See also* 42 U.S.C.A. § 9601(9) (Supp.1994) ("facility" includes any "storage container * * * where a hazardous substance has been deposited").

■ Having established those four elements, Tower need not have an underlying CERCLA action in order to seek damages under that statute. *See Kowalski*, 841 F.Supp. at 107–08 (party need not have un-

derlying CERCLA action so long as statutory elements for relief are present in action for CERCLA damages). Indeed, "CERCLA provides a wide range of remedial action to cope with the problems of environmental waste." *Id.* at 108. CERCLA "is not limited to authorizing the federal government to file an action." *Id.* On the contrary, the plain language of CERCLA, in the context of the *Superfund Amendments and Reauthorization Act (SARA)* in which it was created, suggests that:

> preemption of a state statute of limitations was passed as an additional remedy, not one confined to actual CERCLA actions.

*Id.*

Thus, in this case, CERCLA preempts the state statute of limitations and imposes the federally required commencement date for Tower's cause of action: the date Tower knew or reasonably should have known of the damage to the groundwater. *See* 42 U.S.C.A § 9658(b)(4)(A) (discovery rule).

The issue of whether Tower knew or should have known of the damage on any given date is a question for the finder of fact; we will not make that determination here as a matter of law. *Wittmer v. Ruegemer*, 419 N.W.2d 493, 497 (Minn.1988).

### DECISION

Tower need not have an underlying CERCLA action in order to seek CERCLA damages when it has established the elements for relief under CERCLA. The statute of limitations for hazardous substance cases set forth in CERCLA preempts Minnesota's statute of limitations and allows Tower's claim to accrue from the date it knew or reasonably should have known of the groundwater contamination. The district court erroneously applied the state statute of limitations and dismissed the complaint.

**Reversed and remanded.**