[No. B088796. Second Dist., Div. One. Apr. 2, 1996.]

ANGELES CHEMICAL COMPANY, INC., Plaintiff and Respondent, v. SPENCER & JONES, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts B and C.

COUNSEL

Darryl J. Paul, Robie & Matthai, Pamela E. Dunn and Claudia M. Sokol for Defendant and Appellant.

Burke, Williams & Sorensen and Stephen R. Onstot for Plaintiff and Respondent.

OPINION

MASTERSON, J.—In general, claims for negligence and breach of contract involving damage to real property must be brought within three years and four years, respectively, of the date when the plaintiff discovers, or should have discovered, the injury and its cause. However, if the damage is caused by a latent defect in the construction of an improvement to the property, the claim cannot be brought any later than 10 years after the construction is substantially completed, regardless of when the plaintiff discovers the injury. Put another way, actions based on a latent construction defect must be filed, at a minimum, within three or four years of discovery of the injury and its cause (depending on the cause of action), but in no event can they be brought more than ten years after substantial completion of the construction.

Under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C. § 9601 et seq.), the statute of limitations on a state law claim for damage caused by a hazardous substance cannot begin to run until the plaintiff discovers, or should have discovered, the injury and its cause. In other words, CERCLA controls the commencement of the statute of limitations on such a claim.

The principal question on this appeal is whether the "discovery rule" mandated by CERCLA preempts California's 10-year limitations period, where the claims are based on a latent construction defect that results in the toxic contamination of the plaintiff's property. We conclude that it does.

BACKGROUND

Plaintiff Angeles Chemical Company, Inc. (ACC), is a bulk chemical repackaging company. It purchases bulk chemicals from oil and chemical companies, stores them, and then repackages them into smaller containers for resale to customers. ACC was founded in Los Angeles, California, in 1971, but moved to its current location in Santa Fe Springs, California, in 1976.

In August 1975, ACC hired defendant Spencer & Jones (S&J) to build its new plant in Santa Fe Springs. S&J is a general construction company specializing in commercial industrial construction, specifically petrochemical piping systems. The company's primary work is in the area of tank and pump installations.

In constructing ACC's new facility, S&J installed a series of underground storage tanks and appurtenant piping systems. It sloped and paved the surface of the plant so that any chemical spills would flow into a system of drains and catch basins, all of which were connected to an underground waste tank. At trial, ACC produced evidence that S&J also installed a pump and piping on a concrete truck ramp in order to carry liquids to a catch basin. The construction was completed in December 1975.[1]

In September 1981, ACC retained S&J to modify the plant in several respects, and the parties executed a written agreement describing the material terms of the modification. Pursuant to the agreement, S&J removed the concrete truck ramp, excavated that area, and installed two more underground storage tanks and appurtenant piping. The entire area was then covered with a concrete slab. Construction was completed no later than January 1982.

In 1985, the Los Angeles County Department of Public Works directed ACC to test the subsurface soils at its facility for possible contamination. ACC retained an environmental consulting firm, SCS Engineers, to conduct the investigation. In 1986, SCS Engineers discovered contaminants at the site. On April 5, 1990, ACC first learned that the contamination was caused, at least in part, by the severing of a pipe previously used to carry liquids from the truck ramp to a catch basin.

In February 1993, the California Department of Toxic Substances Control issued an "imminent and substantial endangerment" order against ACC. The order set forth a formal protocol for addressing contamination at the site, including a remedial investigation, feasibility study, and remedial action plan. SCS Engineers estimated the cost of cleaning up the ACC property (excluding off-site damage) to be over $1 million.

On March 13, 1993, ACC filed this action, alleging that S&J caused the contamination of the property by severing a pipe near the truck ramp while

---

[1]Chemicals stored at the plant include acetone, methyl ethyl ketone, methylene chloride, and tetrachloroethane, which are "hazardous substances" under federal law (40 C.F.R. § 302.4 (1995)) and therefore subject to regulation under CERCLA (*id.*, § 302.1).

performing the 1981 construction work. The verified complaint contained causes of action for breach of contract, negligence, strict liability, and declaratory relief. The trial court granted S&J's motion for judgment on the pleadings as to the strict liability claim and denied ACC's request for declaratory relief. The remaining claims, for breach of contract and negligence, were tried to a jury in the summer of 1994. The jury returned a verdict in favor of ACC on both claims. Judgment was entered accordingly on September 1, 1994. S&J filed a timely appeal.

## DISCUSSION

S&J contends that it is entitled to judgment as a matter of law because ACC's claims for breach of contract and negligence are barred by the statutes of limitations. Alternatively, S&J seeks a new trial based on alleged procedural irregularities that occurred during the trial. Finally, S&J argues that the trial court improperly clarified the jury's verdict as to the amount of damages awarded. We reject these contentions and affirm.

### A. Statute of Limitations

S&J argues that ACC's claims are barred by the applicable California statutes of limitations. ACC contends that, while untimely under state law, its claims are saved by CERCLA. We agree that the federal act renders the claims timely filed.[2]

#### 1. California Law

Under California law, a contract claim based on a written agreement is governed by a four-year statute of limitations (Code Civ. Proc., § 337, subd. 1).[3] The claim accrues when the plaintiff discovers, or could have discovered through reasonable diligence, the injury and its cause. (*April Enterprises, Inc.* v. *KTTV* (1983) 147 Cal.App.3d 805, 826-833 [195 Cal.Rptr. 421].) A negligence claim involving damage to real property is governed by a three-year limitations period (§ 338, subd. (b)), which commences to run when the plaintiff knows, or should have known, of the wrongful conduct at issue (*CAMSI IV* v. *Hunter Technology Corp.* (1991) 230 Cal.App.3d 1525, 1533, 1536-1538 [282 Cal.Rptr. 80]). Thus, both of these

---

[2]Because the relevant facts are not in dispute, we independently review the trial court's ruling that the statutes of limitations did not bar ACC's claims. (See *International Engine Parts, Inc.* v. *Feddersen & Co.* (1995) 9 Cal.4th 606, 611 [38 Cal.Rptr.2d 150, 888 P.2d 1279].)

[3]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

statutes of limitations are subject to what is commonly called the "discovery rule."

In general, "[c]ivil actions, without exception, can only be commenced within the periods prescribed [by the statutes of limitations], after the cause of action shall have accrued . . . ." (§ 312.) A cause of action ordinarily accrues when, under the substantive law, the wrongful act is done and liability arises, i.e., upon the occurrence of the last fact essential to the cause of action. (*Saliter* v. *Pierce Brothers Mortuaries* (1978) 81 Cal.App.3d 292, 296 [146 Cal.Rptr. 271]; 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 351, p. 380.) "Although sometimes harsh, the fact that plaintiff is neither aware of his cause of action nor the identity of a wrongdoer will not toll the statute." (*Leaf* v. *City of San Mateo* (1980) 104 Cal.App.3d 398, 406 [163 Cal.Rptr. 711].) However, under the "discovery rule," the statute of limitations does not begin to run until the plaintiff either (1) actually discovers the injury and its cause or (2) could have discovered the injury and its cause through the exercise of reasonable diligence. (*Leaf* v. *City of San Mateo*, *supra*, 104 Cal.App.3d at p. 407; accord, *Jolly* v. *Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1109 [245 Cal.Rptr. 658, 751 P.2d 923].)

Applying the discovery rule in this case, we find that the statutes of limitations governing contract and negligence claims (§§ 337, 338) began to run in April 1990, when ACC first learned that the contamination of the site was caused by the severing of a pipe near the truck ramp. Given that ACC filed suit in March 1993, the contract claim is timely under section 337, subdivision 1 (four years), and the negligence claim is timely under section 338, subdivision (b) (three years).

However, S&J correctly points out that both of ACC's claims arise out of a latent defect in a construction project, i.e., the severing of a pipe during the 1981 work on the truck ramp. Consequently, sections 337 and 338 are not the only applicable statutes of limitations. Section 337.15 is also pertinent. That section provides that where a plaintiff seeks to recover for damage to real property caused by a latent defect in the construction of an improvement to the property, "[n]o action may be brought . . . more than 10 years after the substantial completion of the . . . improvement."

The relationship between these three statutes of limitations was recently explained by one Court of Appeal as follows: "When a defect is latent (i.e., not apparent from a reasonable inspection . . .), sections 337 and 338 begin to run only after the damage is sufficiently appreciable to give a reasonable [person] notice that he has a duty to pursue his remedies. . . .

However, section 337.15 imposes an absolute 10-year bar, based on the date of 'substantial completion,' *regardless of discovery*. . . . The interplay between these statutes sets up a two-step process: (1) actions for a latent defect must be filed within three years (§ 338) or four years (§ 337) of discovery, but (2) in any event must be filed within ten years (§ 337.15) of substantial completion. . . ." (*North Coast Business Park* v. *Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 27 [21 Cal.Rptr.2d 104], citations omitted, italics added.)

■ In applying the first step of this process, we have already found that ACC's claims were timely under sections 337 and 338. Applying step two, however, we conclude that the claims are barred under California law. Regardless of whether the claims were timely under sections 337 and 338, section 337.15 required that they be brought no later than 10 years after the construction project was substantially completed. Because the 1981 construction was finished by January 1982, ACC had to file suit by January 1992. The complaint having been filed in March 1993, it is time barred under section 337.15.

### 2. *Federal Law*

■ Enacted in 1980, CERCLA is intended to accomplish the prompt cleanup of hazardous waste sites and to impose all cleanup costs on the responsible party. (*Key Tronic Corp.* v. *United States* (1994) 511 U.S. 809, __, fn. 6 [128 L.Ed.2d 797, 804, 114 S.Ct. 1960, 1965].) In addition to establishing a comprehensive scheme to remedy toxic contamination, the act commissioned a study "to determine the adequacy of existing common law and statutory remedies in providing legal redress for harm to man and the environment caused by the release of hazardous substances into the environment." (Pub.L. No. 96-510 (Dec. 11, 1980) tit. III, § 301(e)(1), 94 Stat. 2807; 42 U.S.C. § 9651(e)(1).) The study group was expressly charged with examining, among other things, "barriers to recovery posed by existing statutes of limitations." (42 U.S.C. § 9651(e)(3)(F).) It was also directed to address "the need for revisions in existing statutory or common law" and "whether such revisions should take the form of Federal statutes." (*Id.*, § 9651(e)(4)(A), (B).)

The study group submitted its report to the President and the Congress in July 1982. The report stated in part as follows: "Commencement of the running of the statute of limitations can be a barrier to recovery under both common law and statutory remedies. This issue does not arise specifically from the applicable period of limitations which depends on the cause of

action; the question is when the statute begins to run—the time when the action accrues. The plaintiff's ability to recover will often depend on whether a liberal discovery rule is applicable. [¶] Exposure to certain hazardous wastes may result in cancer, neurological damage, and in mutagenic and teratogenic changes. Most of these types of injuries have long latency periods, sometimes 20 years or longer. With long latency periods, a rule which starts the running of the statute from the time of exposure will defeat most actions before the plaintiff knows of his injury." (Injuries and Damages from Hazardous Wastes—Analysis and Improvement of Legal Remedies: A Report to Congress in Compliance with Section 301(e) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (Pub.L. No. 96-510) by the Superfund Section 301(e) Study Group, in Senate Com. on Environment and Public Works, 97th Cong., 2d Sess. 28 (1982), fn. omitted.) The study group recommended that "all states . . . adopt the rule that an action accrues when the plaintiff discovers or should have discovered the injury or disease and its cause." (*Id.* at p. 241.)

In response to the study group's report, Congress passed the Superfund Amendments and Reauthorization Act (Pub.L. No. 99-499 (Oct. 17, 1986) 100 Stat. 1613). Title II, section 203(a) of that act became section 309 of CERCLA. It states in pertinent part: "In the case of any action brought under State law for personal injury, *or property damages*, which are caused or contributed to by exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility, if the applicable limitations period for such action (as specified in the State statute of limitations or under common law) provides a commencement date which is earlier than the federally required commencement date, such period shall commence at the federally required commencement date in lieu of the date specified in such State statute." (42 U.S.C. § 9658(a)(1), italics added.) CERCLA defines "federally required commencement date" as the "date the plaintiff knew (or reasonably should have known) that the personal injury *or property damages* . . . were caused or contributed to by the hazardous substance or pollutant or contaminant concerned." (*Id.*, § 9658(b)(4)(A), italics added.)

The House Conference Report explained the purpose of section 309 of CERCLA (42 U.S.C. § 9658) as follows: "This section provides for a Federal commencement date for State statutes of limitations which are applicable to harm which results from exposure to a hazardous substance. State statutes of limitations define the time in which an injured party may bring a lawsuit seeking compensation for his injuries against the party alleged to be responsible for those injuries. These statutes usually run from

two to four years, depending on the State. In the case of a long-latency disease, such as cancer, a party may be barred from bringing his lawsuit if the statute of limitations begins to run at the time of the first injury—rather than from the time when the party 'discovers' that his injury was caused by the hazardous substance or pollutant or contaminant concerned. [¶] The study done pursuant to Section 301(e) of CERCLA by a distinguished panel of lawyers noted that certain State statutes deprive plaintiffs of their day in court. The study noted that the problem centers around when the statute of limitations begins to run rather than the number of years it runs. [¶] This section addresses the problem identified in the 301(e) study. While State law is generally applicable regarding actions brought under State law for personal injury, or property damage, which [is] caused or contributed to by exposure to any hazardous substances, or pollutant or contaminant, released into the environment from a facility, a Federally-required commencement date for the running of State statutes of limitations is established. This date is the date the plaintiff knew, or reasonably should have known, that the personal injury referred to above was caused or contributed to by the hazardous substance or pollutant or contaminant concerned." (H.R.Conf. Rep. No. 99-962, 2d Sess., p. 261 (1986).)

■ In short, section 309 of CERCLA "creates a federally mandated discovery rule for the accrual of state law claims involving releases of hazardous substances that cause or contribute to personal injury or property damage." (*Bolin* v. *Cessna Aircraft Co.* (D.Kan. 1991) 759 F.Supp. 692, 704; accord, *Soo Line R. Co.* v. *B.J. Carney & Co.* (D.Minn. 1992) 797 F.Supp. 1472, 1487.) "Practically speaking, CERCLA essentially preempts state statutes of limitations if those state law claims are based upon exposure to hazardous substances released into the environment and the applicable limitations period provides for an earlier commencement date than federal law." (*Tower Asphalt* v. *Determan Welding* (Minn.Ct.App. 1995) 530 N.W.2d 872, 875.)

Where a state does not apply the discovery rule to claims for property damage caused by toxic contamination, CERCLA mandates that the state statute of limitations begin to run when the plaintiff discovers, or should have discovered, the injury and its cause. (See, e.g., *Buggsi, Inc.* v. *Chevron U.S.A., Inc.* (D.Or. 1994) 857 F.Supp. 1427, 1433-1434; *Bolin* v. *Cessna Aircraft Co., supra,* 759 F.Supp. at p. 704; *Soo Line R. Co.* v. *B.J. Carney & Co., supra,* 797 F.Supp. at p. 1487; *Tower Asphalt* v. *Determan Welding, supra,* 530 N.W.2d at p. 875.) In contrast, where a state applies the discovery rule, such that the statute of limitations commences on the same date under both state law and CERCLA, there is no federal preemption. (See, e.g.,

*Presque Isle Harbor* v. *Dow Chemical Co.* (W.D.Mich. 1995) 875 F.Supp. 1312, 1317-1319; *Merry* v. *Westinghouse Elec. Corp.* (M.D.Pa. 1988) 684 F.Supp. 852, 855.)

■ Here, S&J does not dispute that ACC's causes of action satisfy the four statutory elements needed to invoke the federally required commencement date: (1) property damage (2) caused or contributed to by exposure to hazardous substances (3) released into the environment (4) from a "facility." (See 42 U.S.C. § 9658(a)(1); *American Glue & Resin* v. *Air Products & Chemicals* (D.Mass. 1993) 835 F.Supp. 36, 46.)[4] Rather, S&J contends that CERCLA is not applicable because California applies the discovery rule to ACC's claims. We disagree.

As stated, California uses a two-step process in applying the statutes of limitations to claims involving property damage caused by a latent defect in a construction project. With respect to the first step, ACC's claims were timely under the statutes of limitations for breach of contract (§ 337, subd. 1) and negligence (§ 338, subd. (b)). (See, *ante*, pt. A.1.) Both of those statutes of limitations are subject to the discovery rule. (*April Enterprises, Inc.* v. *KTTV, supra,* 147 Cal.App.3d at pp. 826-833; *CAMSI IV* v. *Hunter Technology Corp., supra,* 230 Cal.App.3d at pp. 1533, 1536-1538.)

■ However, the second step, which imposes section 337.15's 10-year filing deadline, does not incorporate the discovery rule. Indeed, the very purpose of section 337.15 is to establish an absolute time limit based on the date when the construction is substantially completed, *regardless of when the plaintiff discovers the injury and its cause.* (*Regents of University of California* v. *Hartford Acc. & Indem. Co.* (1978) 21 Cal.3d 624, 641 [147 Cal.Rptr. 486, 581 P.2d 197]; *Sandy* v. *Superior Court* (1988) 201 Cal.App.3d 1277, 1285-1286 [247 Cal.Rptr. 677]; *North Coast Business Park* v. *Nielsen Construction Co., supra,* 17 Cal.App.4th at p. 27.) Contrary to section 309 of CERCLA, the running of the 10-year period is triggered by the same event in every case, i.e., substantial completion of the construction; the date on which the plaintiff discovers the injury and its cause—the mandatory factor under CERCLA—plays no role at all in the commencement of the 10-year bar.

■ In sum, although the discovery rule renders ACC's claims timely under sections 337 and 338, the 10-year limitations period in section 337.15

---

[4]A "facility" is defined as either (1) "any building, structure, installation, equipment, *pipe or pipeline* (including any pipe into a sewer or publicly owned treatment works), well, pit, pond, lagoon, impoundment, ditch, landfill, storage container, motor vehicle, rolling stock, or aircraft" or (2) "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located." (42 U.S.C. § 9601(9), italics added.)

**BELOW IS A PASTE-OVER CRACK-AND-PEEL INSERT FOR CORREC-TION OF AN ERROR IN THE BOUND VOLUME REPORT OF ANGELES CHEMICAL CO. v. SPENCER & JONES, 44 Cal.App.4th 112, at p. 125, LINES 34–36 (THE LAST NEW PARAGRAPH ON THE PAGE).**

Please remove the correction insert from the peel-off backing and position it to cover lines 34–36 of page 125

However, we need not view section 337.15 in isolation. Together, sections 337, 338, and 337.15 create a two-step process for determining the timeliness of a claim. Only the second step, which involves section 337.15, is

precludes those claims as time barred. In other words, the operation of the discovery rule under the former sections is nullified by the 10-year bar. Section 337.15 effectively trumps any benefits conferred by the discovery rule.

■ This result is patently at odds with section 309 of CERCLA, a remedial statute we must broadly construe to avoid frustrating congressional intent. (*U.S.* v. *Carolina Transformer Co.* (4th Cir. 1992) 978 F.2d 832, 838; *Dedham Water Co.* v. *Cumberland Farms Dairy, Inc.* (1st Cir. 1986) 805 F.2d 1074, 1081.) Although CERCLA does not alter the length of a state statute of limitations, it does require that the limitations period begin to run *no earlier than* the date on which the plaintiff discovers, or should have discovered, the injury and its cause. (*Bolin* v. *Cessna Aircraft Co., supra,* 759 F.Supp. at p. 704, fn. 12.) Section 337.15 violates that requirement. The language and legislative history of CERCLA clearly reflect a federal mandate that a state statute of limitations be applied in accordance with the discovery rule. For instance, the House Conference Report indicates that, under section 309 of CERCLA, plaintiffs will typically be able to file suit within two to four years *after* discovering an injury and its cause. (H.R.Conf. Rep. No. 99-962, 2d Sess., p. 261, *supra.*) Section 337.15 contravenes that expectation.[5]

Given that section 337.15 is inconsistent with CERCLA, we must decide how best to implement CERCLA's imposition of the discovery rule in cases involving latent construction defects. (See *Dalton* v. *Little Rock Family Planning Services* (1996) __ U.S. __, __ [134 L.Ed.2d 115, 118, 116 S.Ct. 1063, 1064] ["state law is displaced only 'to the extent that it actually conflicts with federal law' "].) A literal reading of section 309 of CERCLA suggests that the discovery rule should be applied to section 337.15. But the language of section 337.15—mandating that an action be filed within 10 years of substantial completion of the construction—does not lend itself to such an application. Because section 337.15 is phrased as an outside time limit based on the progress of the construction project, it is not susceptible to an interpretation based on the date when a plaintiff first learns of an injury and its cause.

However, we need not view section 337.15 in isolation. Together, sections 337, 338, and 337.15 create a two-step process for determining the timeliness of a claim. Only the second step, which involves section 337.15, in

---

[5]There can be no doubt that section 337.15 is a procedural statute of limitations, not a substantive limit on a plaintiff's cause of action. (*Regents of University of California* v. *Hartford Acc. & Indem. Co., supra,* 21 Cal.3d at pp. 639-642.) As our Supreme Court has stated, "We . . . view section 337.15 as an ordinary statute of limitations, subject to the same rules . . . as other statutes of limitations." (*Id.* at p. 642.)

inconsistent with the discovery rule. Consequently, we conclude that section 309 of CERCLA is properly served by basing the statute-of-limitations analysis on the first step alone, i.e., whether the claims are timely under sections 337 and 338. CERCLA preempts the second step in the process, thereby eliminating the 10-year bar of section 337.15 in this category of cases.

 Our conclusion is supported by *Kowalski* v. *Goodyear Tire and Rubber Co.* (W.D.N.Y. 1994) 841 F.Supp. 104. There, the plaintiff, Ms. Kowalski, alleged that her husband had been exposed to a carcinogen at his place of employment over a period of several years. The chemical had contaminated his hair, skin, and clothes. Ms. Kowalski was exposed to the chemical through the handling of her husband's clothing and the spreading of the chemical throughout their house. Although she was diagnosed with bladder cancer in 1984, Ms. Kowalski did not learn of its cause until April 1992. She filed suit against her husband's employer two months later. The employer moved for summary judgment on the ground that the action was time barred under New York law.

The state statute of limitations was three years. (841 F.Supp. at p. 108; N.Y. Civ. Prac. L. & R. 214 (McKinney 1990).) A separate statute provided that the three-year period did not begin to run until a plaintiff had discovered, or should have discovered, her injury. (841 F.Supp. at p. 106, citing N.Y. Civ. Prac. L. & R. 214-c(2) (McKinney 1990).) If a plaintiff learned of her injury but not its cause, New York law required that she discover the cause of the injury within an additional five-year period and file suit within six years. (841 F.Supp. at p. 106, citing N.Y. Civ. Prac. L. & R. 214-c(4) (McKinney 1990).)

Ms. Kowalski's claim was untimely under state law. She had learned of her injury in 1984, when she was diagnosed with bladder cancer, but she did not discover the cause of the injury within the five-year period prescribed by New York law. In fact, she did not learn of the causal connection between her illness and her husband's employment until April 1992, more than eight years after discovering the injury itself. Nevertheless, in applying section 309 of CERCLA, the federal district court concluded that the claim was timely. New York had established a three-year statute of limitations for such a claim, and Ms. Kowalski had filed suit within three years of discovering the cause of her injury. (841 F.Supp. at pp. 106-108.)[6] It did not matter that she had failed to satisfy New York's five-year requirement for discovering the cause of her injury. (*Ibid.*)

---

[6]Ms. Kowalski filed suit in June 1992, two months after learning the cause of her illness. (841 F.Supp. at p. 108.)

As in *Kowalski*, it does not matter here that ACC failed to satisfy the 10-year limitations period of section 337.15. It is sufficient that ACC brought its claims for breach of contract and negligence within four years (§ 337) and three years (§ 338), respectively, of discovering the cause of the property damage. Accordingly, the trial court properly found that ACC's claims were timely filed.

B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Ortega, Acting P. J., and Vogel (Miriam A.), J., concurred.

Appellant's petition for review by the Supreme Court was denied July 10, 1996.

---

*See footnote, *ante*, page 112.