Don Y. **MAWARDI**; Carlson Oil Inc., a corporation; Sooy, Inc., a corporation; Kenneth Koch, an individual; Elias S. Atallah, an individual; Gilinsky, an individual; Belmor, Inc., a corporation; William Clark, an individual; Faoud F. Dagher, an individual; Nasser El–Radi, an individual; Emeil Kamel, an individual; H.J.F., Inc., a corporation; Subhash Mantri, an individual; Jessee Perkins Shell, Inc., a corporation; M.R. Oyster, an individual; M. Brammer Inc., a corporation on behalf of themselves and all persons similarly situated, Plaintiffs—Appellants,

v.

**EQUILON ENTERPRISES, LLC,** a Delaware limited liability corporation; Shell Oil Company, a Delaware corporation; Shell Oil Products Company, a Delaware corporation; Texaco Inc., a Delaware corporation; Texaco Refining and Marketing, Incorporated, a Delaware corporation; Does, Does 1 Through 50, Inclusive, Defendants—Appellees.

No. 00–56681.

D.C. No. CV–99–02102–MJL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2002.

Decided March 26, 2002.

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM *

Appellants appeal the district court's order dismissing with prejudice their claim that Shell, Texaco, and Equilon violated California Business & Professions Code § 20999.25(a). Specifically, Appellants challenge the district court's holding that the claim was barred by the Act's statute of limitations. We have jurisdiction to hear this case pursuant to 28 U.S.C. § 1291, and we affirm.

Dismissals based on statutes of limitations are reviewed de novo.[1] A dismissal without leave to amend is also reviewed de novo.[2] Such dismissal is improper unless it is clear that the complaint could not be saved by any amendment.[3]

I. *Commencement of the Statute of Limitations Period*

The initial issue in this case concerns the appropriate time at which to start the statute of limitations period. The applicable provision states that "[n]o action shall be maintained to enforce any liability created under any provision of this chapter unless brought before the expiration of ... one

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Ellis v. City of San Diego,* 176 F.3d 1183, 1188 (9th Cir.1999).

2. *Desaigoudar v. Meyercord,* 223 F.3d 1020, 1021 (9th Cir.2000), *cert. denied,* 532 U.S. 1021, 121 S.Ct. 1962, 149 L.Ed.2d 757 (2001).

3. *See Lee v. City of Los Angeles,* 250 F.3d 668, 692 (9th Cir.2001).

year after the discovery by the plaintiff of the facts constituting such violation."[4] The district court applied the "discovery rule" to the statute, concluding that discovery of the necessary facts occurred when plaintiffs actually or constructively discovered those facts. We agree with the district court.

Under California's discovery rule, the limitations period commences when the plaintiff suspects, or should suspect, that his or her injury was caused by wrongdoing.[5] "Subjective suspicion is not required. If a person becomes aware of facts which would make a reasonably prudent person suspicious, he or she has a duty to investigate further and is charged with knowledge of matters which would have been revealed by such an investigation."[6] Based on the California courts' interpretation of the term "discovery" in other statutes of limitations, the district court was correct in applying the discovery rule to this statute.

California courts originally applied the discovery rule in 1936,[7] and have used it to interpret statutes of limitations in a variety of contexts.[8] We can presume, based on the long history of the discovery rule, that the California legislature is aware of the judicial interpretation of the word "discovery" in statutes of limitations.[9] As noted in a recent opinion by the California Court of Appeals, "it is reasonable to assume that [the legislature] would have used a word other than 'discovery' if it intended for the limitations period to commence only upon actual knowledge of a violation."[10] We can therefore analogize the language in Section 20999.3(b) to the language in other statutes of limitations and draw the same conclusion in interpreting that language. The term "discovery" in Section 20999.3(b) means not only actual notice of the wrongdoing, but notice that would put a reasonable person on inquiry.[11]

## II. *Actual or Constructive Notice*

The district court held that letters sent by Shell and Texaco to the appellants provided both actual and constructive notice

---

4. Cal. Bus. & Prof.Code § 20999.3(b).

5. *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 245 Cal.Rptr. 658, 751 P.2d 923, 927 (Cal.1988).

6. *Wilshire Westwood Assocs. v. Atlantic Richfield Co.*, 20 Cal.App.4th 732, 740, 24 Cal. Rptr.2d 562 (Cal.Ct.App.1994).

7. *See Sanchez v. South Hoover Hosp.*, 18 Cal.3d 93, 132 Cal.Rptr. 657, 553 P.2d 1129, 1132 (Cal.1976) (citing *Huysman v. Kirsch*, 6 Cal.2d 302, 57 P.2d 908, 913 (Cal.1936)).

8. *See Eli Lilly*, 245 Cal.Rptr. 658, 751 P.2d at 926 (noting that discovery rule applies to Cal. Code Civ. P. § 340(3), which sets forth limitations period for wrongful injury); *Angeles Chem. Co., Inc. v. Spencer & Jones*, 44 Cal. App.4th 112, 119–20, 51 Cal.Rptr.2d 594 (Cal. Ct.App.1996) (noting that discovery rule applies to Cal.Code Civ. P. § 337, which governs contract claims, and § 338, which governs negligence claims); *People v. Zamora*, 18

Cal.3d 538, 134 Cal.Rptr. 784, 557 P.2d 75, 90–91 (Cal.1976) (applying discovery rule to Cal.Penal Code § 803); *Debro v. Los Angeles Raiders*, 92 Cal.App.4th 940, 953, 112 Cal. Rptr.2d 329 (Cal.Ct.App.2001) (applying discovery rule to Cal. Govt.Code §§ 12650–12655, which allows for prosecution of false claims).

9. *See Debro*, 92 Cal.App.4th at 953, 112 Cal. Rptr.2d 329; *People v. Hallner*, 43 Cal.2d 715, 277 P.2d 393, 396 (Cal.1954) ("Where a statute has been construed by judicial decision, and that construction is not altered by subsequent legislation, it must be presumed that the Legislature is aware of the judicial construction and approves of it.").

10. *Debro*, 92 Cal.App.4th at 953, 112 Cal. Rptr.2d 329.

11. *Wilshire Westwood Assocs.*, 20 Cal.App.4th at 740, 24 Cal.Rptr.2d 562.

of the violation of California Business & Profession Code § 20999.25(a). While we do not agree that the letters provided actual notice, we affirm the district court because we hold, as a matter of law, that the letters provided constructive notice.[12]

The letters did not explicitly state that Shell and Texaco transferred their interest in the gas stations to Equilon. The letters primarily focused on the assignment of the leases and dealer agreements, with only brief references to the fact that Shell and Texaco were transferring all of their assets to Equilon. Because none of the letters clearly revealed that Equilon took over ownership of the gas stations, the letters did not provide actual notice.

The letters were sufficient, however, to provide constructive notice. Shell's first letter stated that Shell had "entered into an agreement to contribute its refining and marketing assets in the western and mid-western United States to Equilon Enterprises." Then its second letter began with "[e]ffective July 1, 1998 certain assets formerly owned by Shell Oil Company will be transferred to Equilon Enterprises LLC." The Texaco letter noted that "Shell Oil Company and Texaco Inc. formed Equilon Enterprises LLC, a joint venture combining Shell and Texaco's western and central U.S. refining and marketing, trading, transportation and lubricants businesses." While these statements do not expressly refer to the transfer of the gas station properties, they provide enough information to put the station dealers on notice that the companies were involved in something larger than just the assignment of gas station leases.

Appellants admitted in their brief that the letters were "ambiguous," "cryptic," and "vague."[13] Even if this ambiguous language did not raise suspicion in Appellants, it would have caused a reasonably prudent person to investigate the nature of the transaction.[14] It would have been easy to accept the invitation in Shell's first letter and contact a sales representative if someone had questions.

It is also noteworthy that Appellants' original attorney stated in a declaration that his firm "did not make a definite decision to proceed" until they obtained documents proving that Shell and Texaco had transferred the gas station properties. This delay was because "[w]e could not be sure that Shell and Texaco had not retained title to the relevant service station properties." These statements prove that there was uncertainty about the nature of the transaction between Shell, Texaco, and Equilon, and that the firm was aware, even before receiving the recording notices, that Shell and Texaco may have assigned their interest in the stations to Equilon. Because the letters contained enough information to put a reasonably prudent person on inquiry, they provided constructive notice, and Appellants' claim is time-barred.

---

12. *Mangini v. Aerojet–General Corp.*, 230 Cal. App.3d 1125, 1153, 281 Cal.Rptr. 827 (Cal.Ct. App.1991) ("[W]hen knowledge had by or imputed to plaintiff is such as to compel the conclusion that a prudent man would have suspected [the cause of action], the court may determine, as a matter of law, that there had been discovery." (internal quotation marks and citation omitted)).

13. *Mangini*, 230 Cal.App.3d at 1152, 281 Cal. Rptr. 827 ("[W]hile briefs and arguments are outside the record, they are reliable indications of a party's position on the facts as well as the law, and a reviewing court may make use of statements therein as admissions against the party.").

14. *Wilshire Westwood Assocs.*, 20 Cal.App.4th at 740, 24 Cal.Rptr.2d 562.

### III. *Amendment of the Complaint*

The district court dismissed Appellants' claim with prejudice. This order is only proper if the complaint could not be saved by any amendment.[15] Because the facts that Appellants offer for amendment would not save the complaint, the district court was correct in dismissing with prejudice.

Appellants contend that Shell and Texaco purposefully made their letters misleading to hide the true nature of the transaction. Regardless of the companies' intent, the letters were sufficient to provide constructive notice. Therefore, Appellants' proposed amendment is irrelevant.

Appellants also offer the fact that the property transfers did not appear in the Property Profiles until several months after they occurred. Because we hold that the letters provided constructive notice, no notice from the Property Profiles was necessary, and any delay in those documents is irrelevant. There is nothing that can be added to the complaint to negate the fact that the letters provided constructive notice, and thus, Appellants' claim is untimely. We affirm the district court.

AFFIRMED.

---

**15.** *Lee v. City of Los Angeles,* 250 F.3d 668, 692 (9th Cir.2001).

