[No. B231155. Second Dist., Div. Six. May 29, 2012.]

SCOTT CYR et al., Plaintiffs and Appellants, v.
DWAYNE McGOVRAN et al., Defendants and Respondents.

**COUNSEL**

E. Patrick Morris for Plaintiffs and Appellants.

Carlson Law Group, Mark C. Carlson, Stuart T. Miller; Sedgwick and Douglas J. Collodel for Defendants and Respondents.

OPINION

**YEGAN, J.**—Law students are taught that ownership of real property can be compared to the possession of a "bundle of sticks," i.e., there are certain rights and privileges associated with such ownership and that each stick represents a distinct right or privilege. (See, e.g., *United States v. Craft* (2002) 535 U.S. 274, 278 [152 L.Ed.2d 437, 446, 122 S.Ct. 1414].) Here, appellants had an option to purchase real property. This does not give them a stick in the bundle. As we shall explain, an option to purchase real property is a contractual right which, if exercised, gives them the "bundle of sticks." Then and only then does the option holder own an interest in real property which can be injured.

Scott Cyr, Mesa Vista LTD, and Mid-Coast Capital appeal from the judgment entered after the trial court granted respondents' motion for summary judgment. Respondents are Century 21 Filer Realtors, Inc., Gail Kemble (listing real estate agent), and Ken Taylor (listing real estate broker). Appellants contend that their negligence cause of action, based on a perceived injury to real property, should be subject to the three-year statute of limitations of Code of Civil Procedure section 338, subdivision (b)[1] and not the two-year statute of limitations of section 339, subdivision 1. They are mistaken and we affirm.

### Factual and Procedural Background

Dwayne and April McGovran (the McGovrans) owned a ranch consisting of eight parcels of land (the Tienda Properties) in San Luis Obispo County. The parcels were lots 3, 4, 5, 6, 11, 12, 13, and 14. In June 2002 the McGovrans listed the property for sale with respondents. In August 2002 the McGovrans and appellant Cyr agreed that Cyr would buy two parcels (lots 6 and 11) outright from the McGovrans and, apparently for tax reasons, could have options to buy the remaining six parcels over a period of two years. If Cyr timely exercised his option to purchase lot 12, he would then have an option to purchase lot 5. If he timely exercised his option to purchase lot 5, he would then have an option to purchase lots 3, 4, 13, and 14.

In December 2002 the McGovrans' lender filed a notice of default as to some of the parcels subject to Cyr's options. As a condition of obtaining a new loan, the McGovrans gave the new lender an option to purchase the same six parcels that Cyr had options to purchase. The lender's option was

---

[1] All statutory references are to the Code of Civil Procedure.

exercisable only if Cyr failed to timely close escrow on lots 5 and 12. The lender's option conflicted with Cyr's options in that "the escrow closing dates [shown in Cyr's options] were later than those shown in the [lender's] Option . . . ." Pursuant to Cyr's options, he had until December 30, 2003, to close escrow on lots 5 and 12. Pursuant to the lender's option, Cyr had until September 15, 2003, to close escrow.

In August 2003 "Cyr became aware of the potential problem with the [lender's] Option which could cloud title to the Tienda Properties." Cyr did not close escrow on lots 5 and 12 by the September 15th date shown in the lender's option. "On September 16, 2003, [the lender] recorded a Memorandum of Option Agreement . . . clouding title to lots 5 and 12 of the Tienda Properties."

On November 4, 2003, Cyr's attorney "took issue with and denied the claim by [the lender] that it had some right in the Tienda Properties which was superior to [Cyr's] rights."

Cyr assigned his option rights on lot 5 to appellant Mesa Vista LTD. He assigned his option rights on lot 12 to appellant Mid-Coast Capital. In October 2003 Mid-Coast Capital closed escrow on lot 12. On November 26, 2003, the lender filed a complaint for specific performance of its option. On the same date, the lender recorded a lis pendens. Despite the lis pendens, appellants went on to complete the purchase of all of the parcels constituting the Tienda Properties. On lot 5, escrow closed in December 2003. On lots 3 and 4, escrow closed in March 2004. On lots 13 and 14, escrow closed in December 2004. The lender's lawsuit was subsequently dismissed and the lis pendens was expunged.

On December 23, 2005, appellants filed an action against the McGovrans and respondents, the McGovrans' real estate agents. The third cause of action for negligence claimed that respondents had negligently failed to assure that the McGovrans would not grant to their lender an option inconsistent with appellants' options. The allegations included the following: (1) "the real estate licensees had . . . duties imposed on them by affiliation with the National Association of Realtors, as well as assumed a duty to correct the erroneous [lender's] option"; (2) "the real estate professionals breached their duty of care . . . such that Cyr and the other [appellants] were forced to incur consequential damages and also were required to and did employ attorneys and experts to defeat the claimed interest of [the lender]"; (3) appellants "suffered costs related to holding the properties . . . until the cloud on title could be lifted, and thereby were deprived of the ability to recognize profit from the sale of one or more of the parcels"; (4) respondents breached their duty to "disclose fully to [appellants] . . . all facts affecting the value or

desirability of the parcels . . . at all times until the transactions had closed"; and (5) respondents "failed and refused to cooperate with and assist [appellants] in defending against the claims made by [the lender], thus increasing the costs to [appellants] to defeat the [lender's] claims."

Respondents filed a motion for summary judgment. The trial court granted the motion on the ground that appellants had failed to file their complaint within the two-year statute of limitations for a cause of action based on professional negligence.

### Three-year Statute of Limitations for Injury to Real Property

■ Appellants contend that the applicable statute of limitations is the three-year statute for "[a]n action for . . . injury to real property." (§ 338, subd. (b).) " 'To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the "gravamen" of the cause of action. [Citations.]' " (*Thomson v. Canyon* (2011) 198 Cal.App.4th 594, 606 [129 Cal.Rptr.3d 525].) Where negligent conduct has caused injury to real property, the gravamen of the cause of action is the injury to the real property. (*McCoy v. Gustafson* (2009) 180 Cal.App.4th 56, 105 [103 Cal.Rptr.3d 37].) In such circumstances, the three-year statute of limitations applies. (*Ibid.; Angeles Chemical Co. v. Spencer & Jones* (1996) 44 Cal.App.4th 112, 119 [51 Cal.Rptr.2d 594] ["A negligence claim involving damage to real property is governed by a three-year limitations period (§ 338, subd. (b))."].) "[I]t is the underlying injury and not the legal theories of recovery superimposed on the injury that dictates the applicable statute of limitations. [Citation.]" (*McCoy v. Gustafson, supra,* 180 Cal.App.4th at p. 104.)

■ A complaint may state a cause of action for injury to real property if it alleges that the defendant wrongfully recorded a document that placed a cloud upon the plaintiff's title to real property. (*Wheeler v. County of San Bernardino* (1978) 76 Cal.App.3d 841, 846 [143 Cal.Rptr. 295].) But here it was the lender, not respondents, who recorded the memorandum of option agreement and the lis pendens that clouded title to the Tienda Properties. When these documents were recorded, appellants did not have title to the Tienda Properties. The gravamen of the third cause of action is not injury to the Tienda Properties, but injury to appellants' option rights to purchase the Tienda Properties. The latter injury was allegedly caused by respondents' negligent performance of professional services. ■ "Although an option gives the optionee *contractual* rights to purchase the property, it 'is merely an offer to sell and vests no estate in the property to be sold.' [Citations.]"

(*Wachovia Bank v. Lifetime Industries, Inc.* (2006) 145 Cal.App.4th 1039, 1050 [52 Cal.Rptr.3d 168].) Nor does the option holder have an "interest" in the land. (*Id.*, at p. 1050, citing *Warner Bros. Pictures v. Brodel* (1948) 31 Cal.2d 766, 772 [192 P.2d 949].)

### Two-year Statute of Limitations for Professional Negligence

■ "The elements of a cause of action for professional negligence are failure to use the skill and care that a reasonably careful professional operating in the field would have used in similar circumstances, which failure proximately causes damage to plaintiff. [Citations.]" (*Thomson v. Canyon, supra*, 198 Cal.App.4th at p. 604.) "A cause of action for professional negligence is generally governed by the two-year statute of limitations under Code of Civil Procedure section 339, subdivision 1 for an 'action upon a contract, obligation or liability not founded upon an instrument of writing.' [Citations.] . . . The . . . two-year statute of limitations . . . has been consistently applied to a range of professional negligence actions from those against accountants to those against real estate appraisers. [Citation.] It is that statute of limitations that applies here, to the alleged professional negligence of a real estate agent and broker." (*Id.*, at p. 606.)

■ *Coley v. Hecker* (1928) 206 Cal. 22 [272 P. 1045], is of no assistance to appellants. The *Coley* court concluded "that slander of title is an injury to real property." (*Id.*, at p. 26.) But appellants' third cause of action was for negligence, not slander of title. Slander of title "occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes pecuniary loss. [Citation.]" (*Truck Ins. Exchange v. Bennett* (1997) 53 Cal.App.4th 75, 84 [61 Cal.Rptr.2d 497].) The false statement must be " 'maliciously made with the intent to defame.' " (*Howard v. Schaniel* (1980) 113 Cal.App.3d 256, 263 [169 Cal.Rptr. 678].) Respondents did not publish a false statement disparaging title to the Tienda Properties.

### The Cause of Action Accrued More Than Two Years Before the Complaint Was Filed

Appellants note that they purchased lots 3, 4, 5, 13, and 14 within two years of the filing of the complaint. As to each of these five parcels, appellants claim that the negligence cause of action did not accrue until the parcel was purchased. Therefore, appellants argue, the negligence cause of action was timely filed as to these parcels.

■ "A cause of action for professional negligence does not accrue until the plaintiff (1) sustains damage and (2) discovers, or should discover, the negligence. [Citation.] While '[t]he mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for negligence,' an action accrues, and the statute begins to run, as soon as the plaintiff suffers 'appreciable harm' from the breach. [Citation.]" (*Roger E. Smith, Inc. v. SHN Consulting Engineers & Geologists, Inc.* (2001) 89 Cal.App.4th 638, 650–651 [107 Cal.Rptr.2d 424].)

■ Appellants' cause of action for negligence cannot be split into several causes of action that accrued at different times depending upon when each parcel was purchased. "The violation of *one primary right* constitutes a single cause of action . . . ." (*Wulfjen v. Dolton* (1944) 24 Cal.2d 891, 895 [151 P.2d 846].) Here, the primary right was allegedly violated when respondents negligently breached their duty to assure that the lender's option was not inconsistent with appellants' options. Appellants discovered the alleged negligence in August 2003. It is undisputed that in August 2003 "Cyr became aware of the potential problem with the [lender's] Option which could cloud title to the Tienda Properties."

■ Respondents' alleged negligence caused "appreciable harm" to appellants no later than November 26, 2003, when the lender filed a complaint for specific performance of its option and recorded a lis pendens. "A lis pendens provides constructive notice of the litigation, such that any judgment later obtained in the action relates back to the filing of the lis pendens. [Citation.] A lis pendens clouds title until the litigation is resolved or the lis pendens is expunged, and any party acquiring an interest in the property after the action is filed will be bound by the judgment. [Citation.]" (*Slintak v. Buckeye Retirement Co., L.L.C., Ltd.* (2006) 139 Cal.App.4th 575, 586–587 [43 Cal.Rptr.3d 131].) The recording of the lis pendens impaired the value of appellants' options because the McGovrans could not deliver marketable title to the property. In their opening brief appellants acknowledge that, after exercising their options and purchasing the Tienda Properties, they "were unable to resell the lots as planned" because "title to the lots was clouded by both the Memorandum of Option and the lis pendens."

■ Thus, irrespective of when the parcels were purchased, the cause of action for negligence accrued before December 2003. But the complaint was not filed until December 23, 2005, more than two years later. Accordingly, appellants' cause of action for negligence is barred by the two-year statute of limitations for actions based on professional negligence.

## Disposition

The judgment is affirmed. Respondents shall recover their costs on appeal.

Gilbert, P. J., and Coffee, J.,[*] concurred.

---

[*]Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.