[No. B190309. Second Dist., Div. Two. Sept. 10, 2007.]

LANDALE-CAMERON COURT, INC., Plaintiff and Appellant, v.
PETRI AHONEN, Defendant and Appellant.

**COUNSEL**

Steiner & Libo, Leonard Steiner and Kenneth S. Markson for Plaintiff and Appellant.

Bremer, Whyte, Brown & O'Meara, John V. O'Meara, Russell E. B. Brown; and Everett L. Skillman for Defendant and Appellant.

**OPINION**

**BOREN, P. J.**—This is a construction defect litigation case involving an eight-unit condominium complex in Toluca Lake. The homeowners association, plaintiff Landale-Cameron Court, Inc. (hereinafter, the HOA), discovered various water leaks during rains and sued the builder-developers Arnold and Helen Kaufman (hereinafter, Kaufman) and defendant Petri Ahonen doing business as Riteway Decking and Flooring (hereinafter, Riteway),

alleging, inter alia, negligence and contract causes of action. The HOA appeals following summary judgment against it and in favor of Riteway based on the statute of limitations.[1] Riteway cross-appeals, contending it was entitled to attorney fees from the HOA because it was the prevailing party on the third party beneficiary contract claim, and the contract between Riteway and Kaufman provided for attorney fees.

We reverse as to the negligence cause of action because the statute of limitations was tolled by a signed agreement between the HOA and Kaufman. As provided for by the statutory scheme addressing common interest developments such as condominiums (Civ. Code, § 1350 et seq.),[2] notice to the builder of defects tolls all statutes of limitations *"against all parties* who may be responsible for the defects claimed, whether named in the notice [of defects] or not . . . for a period of 150 days *or a longer period agreed to in writing by the association and the builder."* (Former § 1375, subd. (b)(3)(A), as amended by Stats. 1997, ch. 632, § 4, italics added.) However, the HOA's cause of action for breach of a third party beneficiary contract is substantively without merit because the HOA, which was not even in existence at the time of the contract, was not a third party beneficiary. Finally, because the judgment must be reversed and the matter proceed to trial or other resolution, Riteway's claim for attorney fees as the prevailing party is obviously unavailing.

### FACTUAL AND PROCEDURAL SUMMARY

On January 19, 2001, the HOA filed its complaint against Kaufman and unknown Doe defendants. In a first amended complaint, the HOA named Riteway as a Doe defendant as to causes of action alleging negligence and breach of a third party beneficiary contract. In June of 2005, Riteway filed a motion for summary judgment, along with a separate statement of undisputed material facts. The summary judgment motion urged, in part, that the complaint was filed after the expiration of the three-year statute of limitations. (Code Civ. Proc., § 338.)

The summary judgment motion included several exhibits as supporting evidence. One was an excerpt of deposition testimony by Judith Fidler, the former president of the board of directors of the HOA. Fidler admitted in her deposition testimony that there were heavy rains in 1997 which caused rainwater to collect on the roofs and resulted in leaks where there had not been any leaks before, and that in 1997 a handyman applied some tar to the roof and other areas.

---

[1] Kaufman is not a party to the present appeal.

We note that in January of 2006, a settlement and mutual release was signed among Kaufman, Riteway, and numerous other defendants who were involved in cross-complaints for indemnity and related claims.

[2] Unless otherwise indicated, all statutory references are to the Civil Code.

Moreover, Fidler acknowledged at the deposition receiving a letter from Arnold Kaufman dated June 19, 1998, a letter also annexed as an exhibit in support of the motion for summary judgment. The June 19, 1998, letter specifically mentioned leaks in Fidler's unit and at least two other units (referred to as "Corn"s [*sic*] unit and Nancy's units") during the 1996 to 1997 rainy season. The letter acknowledged the particularly heavy El Niño rains during the "past season" (1997) causing leaks in Fidler's unit, a problem with "waterproofing of the walls" in another unit, and "roof and deck problems," as well as "stairway leaks."

The HOA filed an evidentiary objection to the letter on the ground it lacked foundation and contained hearsay. However, Riteway urged that the letter should be considered because it was testified to by Fidler and was not offered for the truth of the matter asserted but only on the issue of "notice" to the HOA.

The HOA's opposition to the motion for summary judgment urged, in pertinent part, that the statute of limitations had been tolled pursuant to section 1375. The HOA noted its exhibit K, which was the December 23, 1999, letter to Arnold Kaufman from the HOA's prior counsel, who invoked the statutory tolling provision while efforts were made to resolve and repair the defective conditions prior to filing a lawsuit. Additionally, the HOA cited its exhibit M, which was a signed letter agreement dated April 6, 2000, whereby, also pursuant to the statutory tolling provision, Kaufman agreed with the HOA's former counsel to extend the tolling provision "until such time as either [the HOA] or [Kaufman] notify the other in writing that they wish to terminate this tolling agreement."[3]

Riteway then filed a reply brief and evidentiary objections. Specifically, Riteway objected to the above exhibit K as hearsay and lacking a foundation and authentication, and noted that there was no declaration from the author of the letter. As to exhibit M, Riteway objected that the letter agreement lacked foundation and proper authentication; it did not object on hearsay grounds.

After a hearing on the motion for summary judgment, the court took the matter under submission. It thereafter granted the motion, indicating that there was no admissible evidence of tolling of the three-year statute of limitations. The court rejected the tolling argument because it found that the

---

[3] In its opposition to the motion for summary judgment, counsel for the HOA provided a declaration indicating, in pertinent part, that the December 23, 1999, letter was a true and correct copy of the letter sent by prior counsel for the HOA (Attorney Robert Stellwagen) to Arnold Kaufman indicating that the HOA was proceeding under section 1375. Similarly, counsel for the HOA declared that the written tolling agreement dated April 6, 2000, was a true and correct copy of the original.

letters relied upon by the HOA (principally, exhibits K & M) were not properly authenticated and were inadmissible.

The HOA then filed a motion for clarification or reconsideration of the order granting summary judgment. Regarding the admissibility of the exhibits in question, the HOA annexed a declaration from its former counsel (Stellwagen) explaining and verifying the validity of the letters in question which established the tolling agreement (exhibits K & M). The HOA also argued that these authenticated documents were produced by its former counsel in response to subpoenas by Kaufman, that counsel for Kaufman served notice of deposit of the documents on all parties including Riteway, and that the documents were lodged and had the effect of being verified by the producing party, pursuant to the terms of a court-ordered case management agreement.

Specifically, the HOA explained that the critical documents (exhibits K & M) were Bates stamped (i.e., sequentially numbered by a stamping device) by the HOA and deposited in the judicially sanctioned repository for the convenient use by all the parties. Pursuant to the trial court's case management order, which attempted to minimize the burden on the court and the large number of other parties (subcontractors with counterclaims, etc.), the court provided as follows: "The lodging of any document in the repository shall have the effect of each such document being verified by the producing party as though produced by the party in accordance with the terms of Code of Civil Procedure [former] § 2031 [pertaining to the production and inspection of documents]. . . . This Order shall be admissible to the extent necessary to prove the verification of any document produced from any party's repository."

Riteway opposed the motion for reconsideration asserting that the request was untimely and improper as to form. The court thereafter denied the motion for reconsideration.

On January 27, 2006, the court entered judgment against the HOA and in favor of Riteway. Riteway then filed a motion for attorney fees and submitted various billing statements. The motion relied on the attorney fees provision in the Riteway-Kaufman contract, which provided as follows: "If either party becomes involved in litigation arising out of this contract or the performance thereof, the court in such litigation, or in a separate suit, shall award reasonable costs and expenses, including attorney fees, to the party justly entitled thereto." The HOA opposed the motion for attorney fees and noted that it was not a party to the contract between Riteway and Kaufman. The court denied the motion for attorney fees.

The HOA appeals the judgment against it, and Riteway cross-appeals from the order denying attorney fees.

## DISCUSSION

I. *The standards of review.*

We review this matter de novo and determine the appeal in accordance with the customary rules of appellate review following summary judgment. (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348 [1 Cal.Rptr.3d 32, 71 P.3d 296]; *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843–857 [107 Cal.Rptr.2d 841, 24 P.3d 493].) The general rule is, of course, that summary judgment is appropriate where "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ." (Code Civ. Proc., § 437c, subd. (c).) Evidentiary rulings made in the context of a summary judgment motion are generally reviewed for abuse of discretion. (*Carnes v. Superior Court* (2005) 126 Cal.App.4th 688, 694 [23 Cal.Rptr.3d 915].)

Regarding the postjudgment order denying attorney fees, absent any extrinsic evidence bearing on the interpretation of the contract providing for attorney fees, we review the language of the contract de novo. (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 527 [117 Cal.Rptr.2d 220, 41 P.3d 46].)

II. *The HOA's negligence cause of action is not barred because the statute of limitations was tolled.*

*The HOA's negligence cause of action.*

The operative statute of limitations for the negligence cause of action is the three-year period applicable to an "action for . . . injury to real property." (Code Civ. Proc., § 338, subd. (b).) The three-year period " 'begins to run when the plaintiff *suspects or should suspect* that [the] injury was caused by wrongdoing, [and] that someone has done something wrong to [the plaintiff].' " (*Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 642 [134 Cal.Rptr.2d 273].)

As the Supreme Court explained, "[T]he plaintiff discovers the cause of action when he at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof—when, simply put, he at least 'suspects . . . that someone has done something wrong' to him [citation], 'wrong' being used, not in any technical sense, but *rather in accordance with its lay understanding* [citation]." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397–398 [87 Cal.Rptr.2d 453, 981 P.2d 79], italics added.) A plaintiff has reason to discover the cause of action when he "has reason at least to suspect a factual basis for its elements." (*Id.* at p. 398.) A plaintiff has reason to suspect when he has *notice or information of circumstances to put a*

*reasonable person on inquiry.* (*Ibid.*) A plaintiff need not know the specific facts necessary to establish the cause of action; such facts may be discerned through the process of pretrial discovery. However, within the applicable limitations period, a plaintiff *must seek to learn the facts necessary to bring the cause of action in the first place*—he cannot sit on his rights and wait for the facts to find him, but must in a timely fashion discover further facts if possible and file suit if he does. (*Ibid.*)

Thus, contrary to the HOA's position, the three-year statute of limitations began to run not when expert consultants completed their investigation as to causation. Rather, the clock started when the HOA suspected or should reasonably have suspected that wrongdoing occurred, and the time continued to run while the HOA performed its investigation.

Here, at some unspecified date in 1997, Fidler, the HOA's president, noticed water intrusion and observed a handyman trying to repair roof leaks. The HOA thus had notice or information that should have prompted further inquiry "through the exercise of reasonable diligence." (*Angeles Chemical Co. v. Spencer & Jones* (1996) 44 Cal.App.4th 112, 120 [51 Cal.Rptr.2d 594].) Indeed, the June 1998 letter from Arnold Kaufman to Fidler indicated that during the 1997 heavy El Niño rains several other units had leaks, and there were also "roof and deck problems" and "stairway leaks." Such other damage would no doubt have been revealed to the HOA with the exercise of reasonable diligence.

Thus, in the present case, the statute of limitations began to run at the latest by the end of 1997. Accordingly, the three-year period for filing claims relating to injury to real property (Code Civ. Proc., § 338, subd. (b)) expired at least by December 31, 2000 (if not sooner, depending on the exact date of constructive notice), and the complaint filed on January 19, 2001, was therefore untimely—unless the statute of limitations was tolled, as discussed below.

*The tolling of the statute of limitations.*

If the trial court had considered the evidence submitted by the HOA, such evidence would have established an agreement between the HOA and Kaufman to toll the statute of limitations, pursuant to former section 1375, subdivision (b)(3)(A).[4] However, Riteway contends that its evidentiary objections to documents establishing the tolling were validly sustained by the trial

---

[4] Former section 1375, subd. (b)(3)(A) and (B) (as amended by Stats. 1997, ch. 632, § 4; the statute was substantially rewritten by Stats. 2001, ch. 824, § 1.5) provided as follows: "(3)(A) Except as provided in this section and notwithstanding any other provision of law, the notice by the association shall, upon mailing, toll all statutory and contractual limitations on actions against all parties who may be responsible for the defects claimed, whether named in the

court. Alternatively, Riteway urges that the copy of the tolling agreement presented by the HOA was flawed because it referred to but did not include the preliminary list of defects required by the tolling provision and, in any event, the tolling provision as then written only applied to the builder and not to the HOA. Riteway's assertions are without merit, and the HOA should have been permitted to pursue its negligence cause of action against Riteway.

█ First, the trial court erred in finding the documents establishing the tolling agreement were not adequately authenticated. All that is required to authenticate a writing is that there be "evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is." (Evid. Code, § 1400.) Although a more elaborate authentication could have been presented (as was done in the HOA's motion for reconsideration), counsel for the HOA sufficiently authenticated the documents (exhibits K & M) when he declared that they were true and correct copies of documents sent by and received from prior counsel for the HOA involved in this litigation. This is not a case, for example, where the record is silent as to the authorship of the letters. (See *Rutledge v. Electric Hose & Rubber Company* (9th Cir. 1975) 511 F.2d 668, 676.)

Riteway cites no case authority requiring any more extensive authentication than that provided. In fact, on appeal, Riteway's legal discussion section of its brief is completely silent on this issue. Riteway has also abandoned its hearsay claim on appeal. Indeed, the documents establishing the tolling agreement constituted an admission by a party (Evid. Code, § 1220) that it had agreed not to enforce the statute of limitations. Thus, the tolling documents are not rendered inadmissible by the hearsay rule.

█ Former section 1375, subdivision (b)(3)(A) sets forth an automatic statutory 150-day tolling period upon filing of the requisite notice, with the language of the statute providing for a longer period when "agreed to in writing by the association and the builder," and with such tolling to operate "*against all parties*" (italics added). █ Riteway's assertion that the tolling provision only operates against the builder and not against a party contractor such as Riteway flies in the face of the "clear and unambiguous" statutory language, the plain meaning of which we must follow to effectuate the Legislature's intent. (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1007 [239 Cal.Rptr. 656, 741 P.2d 154].) Indeed, if the statute of limitations were

---

notice or not, including claims for indemnity applicable to the claim, for a period of 150 days or a longer period agreed to in writing by the association and the builder. [¶] (B) At any time, the builder may give written notice to cancel the tolling of the statute of limitations provided in this section. Upon delivery of this written cancellation notice, the association shall be relieved of any further obligation to satisfy the requirements of this subdivision and subdivisions (c) to (e), inclusive. The tolling of all applicable statutes of limitations shall cease 60 days after the written notice of cancellation by the builder is delivered to the association."

tolled only against the builder and not also against party contractors and subcontractors, it would wreak havoc with the obvious intent of the tolling provision to provide additional time to resolve disputes prior to filing a lawsuit.

Finally, there is no merit to Riteway's argument that the tolling agreement must be deemed inoperative because the HOA's exhibits did not include the actual "preliminary list of defects" (former § 1375, subd. (b)(1)(A), as amended by Stats. 1997, ch. 632, § 4) complained of. The December 23, 1999, letter from the HOA to Kaufman (exhibit K) regarding preliminary inspection of the condominium units did note that enclosed with the letter was "the Preliminary Defect List and Summary of Homeowners Survey which is being submitted pursuant to Civil Code § 1375." Because the present litigation does not involve the adequacy of the defect list, the letter's reference to the existence of the list of defects—without actually providing a copy of the list—is sufficient to establish compliance with the statute.

■ Accordingly, the HOA sufficiently established the tolling of the statute of limitations as to the negligence cause of action, and summary judgment was erroneously granted as to that cause of action.

III. *The HOA's cause of action for breach of a third party beneficiary contract is substantively without merit.*

■ The HOA's cause of action for breach of a third party beneficiary contract, i.e., the Riteway-Kaufman contract, is subject to the four-year statute of limitations applicable to contract actions. (Code Civ. Proc., § 337, subd. 1.) However, even though the complaint was filed within the period of the four-year statute of limitations for breach of a third party beneficiary contract,[5] the cause of action is substantively flawed. The cause of action is without merit because the HOA, an entity that was not even in existence at the time of the contract, simply failed to submit any evidence that it was an intended third party beneficiary of the Riteway-Kaufman contract.

■ "A contract, *made expressly for the benefit of a third person*, may be enforced by him at any time before the parties thereto rescind it." (§ 1559, italics added.) The intent to benefit a third party must appear " 'on the terms of the contract.' " (*Bancomer, S. A. v. Superior Court* (1996) 44 Cal.App.4th 1450, 1458 [52 Cal.Rptr.2d 435].) As explained by well-reasoned case law: " ' " 'A third party should not be permitted to enforce covenants made not for his benefit, but rather for others. He is not a contracting party; his right to

---

[5] We note that the trial court's order treated both the negligence and the breach of third party beneficiary causes of action as barred by the three-year statute of limitations.

performance is predicated on the contracting parties' intent to benefit him. . . .' " [Citations.] . . . [¶] The fact that . . . the contract, if carried out to its terms, would inure to the third party's benefit is insufficient to entitle him or her to demand enforcement. [Citation.] Whether a third party is an intended beneficiary or merely an incidental beneficiary to the contract involves construction of the parties' intent, gleaned from reading the contract as a whole in light of the circumstances under which it was entered. [Citation.]' " (*Ibid.*)

The HOA contends that it is the beneficiary of Riteway's express warranty to Kaufman because "Riteway's own owner, Petri Ahonen testified [at his deposition] that he knew that [the HOA] was a condominium project and that the homeowners would be utilizing the decks." However, the record is to the contrary. Ahonen testified, "Only later I found out it was a condominium project. They didn't advertise it was going to be a condominium complex." Indeed, the Riteway-Kaufman contract does not contain the name of the condominium complex, the word "condominium," or any other indication that a condominium would be a third party beneficiary of the waterproofing and decking contract. Moreover, it is undisputed that as a matter of law this project was not a common interest development at the time the contract was signed because the CC&R's (covenants, conditions and restrictions) had not yet been recorded. (See § 1352.)

Therefore, no evidence established that Riteway intended to make the HOA or any condominium owner a third party beneficiary of the contract. (Cf. *Gilbert Financial Corp. v. Steelform Contracting Co.* (1978) 82 Cal.App.3d 65, 70 [145 Cal.Rptr. 448] [the plaintiff was owner of the property at the time the subcontractor entered into the contract at issue].) The HOA's third party beneficiary contract claim is thus without any substantive merit.

IV. *Attorney fees.*

Riteway cross-appeals contending it is entitled to attorney fees against the HOA based on its status as the prevailing party (which is no longer the case), and based on the attorney fees provision in the Riteway-Kaufman contract (to which the HOA was not a party or even mentioned). Riteway's claim for attorney fees lacks substantive merit because, as previously discussed, the HOA was not a third party beneficiary, and the language of the attorney fees clause limits is application to "either party" to the contract. (See *Loduca v. Polyzos* (2007) 153 Cal.App.4th 334, 342–345 [62 Cal.Rptr.3d 780]; *Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677–681 [101 Cal.Rptr.2d 127].) In any event, attorney fees cannot be awarded because of the current posture of the case. Because the judgment

must be reversed and the matter proceed to trial or other resolution, Riteway's claim for attorney fees as the prevailing party is obviously unavailing.

## DISPOSITION

The judgment is reversed. The trial court is directed to proceed to trial or other resolution on the HOA's cause of action for negligence against Riteway. The HOA is entitled to its costs on appeal.

Ashmann-Gerst, J., and Chavez, J., concurred.

The petition of appellant Petri Ahonen for review by the Supreme Court was denied January 3, 2008, S157385. Werdegar, J., did not participate therein.