Filed 6/9/25  Borden, LLC  v. Elegant Fireplace Mantels CA2/5
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BORDEN, LLC,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ELEGANT FIREPLACE MANTELS, INC., et al.,<br><br>        Defendants and Appellants.<br>_____<br>BORDEN, LLC,<br>        Plaintiff and Respondent,<br><br>    v.<br><br>MARK TZALKA,<br>        Defendant and Appellant. | B336157, consolidated with B334666<br><br>(Los Angeles County Super. Ct. No. 21STCV37628)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN THE JUDGMENT |

It is ordered that the opinion filed herein on May 12, 2025, be modified as follows:

1.  On page seventeen, in the second sentence of the second paragraph, delete the first "Because," capitalize "the," delete the second "because," add a period and space after "incompetence," capitalize the "e" in "e.g.," and add a period before and delete the comma after the closing parentheses at the end of the citation, so that the full sentence and citation read:

    The filing of trial documents is typically the responsibility of the attorney (rather than the client), and there is no court finding or other evidence in the record indicating that defendants in this case were directing counsel to drag her feet or feign incompetence.  (E.g., *Moyal v. Lanphear* (1989) 208 Cal.App.3d 491, 503 [dismissal may be appropriate "where there is a clear showing that the client is the cause of counsel's failure to comply with [the] local . . . rules"].)

2.  On pages seventeen and eighteen, in the second paragraph, after the citation to *Moyal v. Lanphear* and before "the court's reliance," add the following sentence:

    What is more, the trial court in this case specifically found that it was "defendants' counsel" who failed to adhere to the local rule.

2

3. On pages seventeen and eighteen, at the end of the above-inserted sentence beginning "What is more," add the following as footnote 12:

> In its petition for rehearing, the landlord argues that defendants failed to carry what it views as their burden on appeal of showing that defendants (rather than their counsel) were not at fault, a burden that the landlord maintains is impossible for any party to satisfy given the attorney-client privilege. But this argument ignores the trial court's express factual finding that *counsel* was responsible, a finding defendants do not attack and hence have no burden to dispute on appeal. The landlord also waived any argument regarding the privilege operating to foreclose carrying a burden on appeal by not raising that argument until its petition for rehearing.

4. On pages seventeen and eighteen, after the above-inserted sentence and footnote, capitalize "the" so that the full sentence reads:

> The court's reliance on counsel's violation of the local rule to gut any defense by defendants was improper.

*     *     *

There is no change in the judgment.

Respondent's petition for rehearing is denied.

_____

HOFFSTADT, P.J.          BAKER, J.          MOOR, J.

Filed 5/12/25  Borden, LLC  v. Elegant Fireplace Mantels CA2/5 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BORDEN, LLC,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ELEGANT FIREPLACE MANTELS, INC., et al.,<br><br>        Defendants and Appellants.<br>_____<br>BORDEN, LLC,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>MARK TZALKA,<br>        Defendant and Appellant. | B336157, consolidated with B334666<br><br>(Los Angeles County Super. Ct. No. 21STCV37628) |

APPEALS from a judgment of the Superior Court of Los Angeles County, Michael L. Stern, Judge. Reversed.

Law Offices of Robin E. Paley, Robin E. Paley, and Shivali Kasbekar for Defendants and Appellants Elegant Fireplace Mantels, Inc. and Eytan Libesman.

Law Office of Robert G. Klein and Robert G. Klein for Defendant and Appellant Mark Tzalka.

Susan Barilich for Plaintiff and Respondent.

\* \* \* \* \* \*

A commercial landlord sued its corporate tenant as well as the corporation's individual owners for damages arising from breach of the lease. The individuals demurred and sought summary judgment, but the trial court rejected both motions and ultimately entered a default judgment for the landlord because counsel for the corporation and the owners did not adhere to the local rules regarding the filing of joint trial documents. We conclude that the trial court correctly rejected the pretrial motions, but erred in entering a default judgment. We accordingly reverse.

### FACTS AND PROCEDURAL BACKGROUND

### I. The Lease

Elegant Fireplace Mantels, Inc. (Elegant Fireplace) makes and installs decorative, concrete fireplace mantels. Prior to July 2017, Eytan Libesman and Mark Tzalka ran Elegant Fireplace.[1]

---

1    Libesman and Tzalka parted ways in July 2017, with Libesman assuming sole ownership of Elegant Fireplace.

2

On March 1, 2016, Elegant Fireplace began to operate in 16,665 square feet of warehouse space in the San Fernando neighborhood of Los Angeles under a written form lease. The lease identifies Borden LLC as the landlord/lessor. The lease is less clear in identifying the tenant/lessee:

-- The preamble to the lease identifies the "Lessee" as "Elegant Fireplace Mantels, Inc. (Eytan Libesman/Mark Tzalka)."

-- The signature page at the end of the lease states that it was executed "By LESSEE:" "Elegant Fireplace Mantles, Inc." and, on a separate line, "Eytan Libesman." The signature blocks are executed "[b]y" Libesman with the "Title" of "President" and "[b]y" Tzalka with the "Title" of "Secretary."

-- Attached to the lease are several addenda—namely, regarding rent adjustments, options to extend, tenant improvements, and energy disclosures—with "Elegant Fireplace Mantels, Inc." identified as the lessee on each addendum. Although Libesman and Tzalka were not guarantors of the lease, the lease states that each person executing the document as "Lessee" is "jointly and severally liable" under the lease.

Several months after signing the lease, Elegant Fireplace sublet a portion of the warehouse to a moving company. The sublease identifies the "Sublessor" in the preamble and on the signature page as "Elegant Fireplace Mantels, Inc. (Eytan Libesman/Mark Tzalka)." The signatures by Libesman and Tzalka do not state any corporate "Title" associated with Elegant Fireplace.

## II. Unlawful Detainer Action

The term of the lease was five years and three months, ending on May 31, 2021. On April 15, 2021, the landlord sent a

notice addressed to "Elegant[] Fireplace Mantels, Inc., c/o Eytan Libesman or Mark Tzalka, Tenant in Possession and All Other Occupants" stating that the lease would not be renewed, that the premises must be vacated by May 31, 2021, and that over $135,000 was owed for outstanding rent payments and common area maintenance charges. Elegant Fireplace did not vacate.

Three days after the lease terminated, the landlord filed an unlawful detainer action naming as defendants "Elegant Fireplace Mantels, Inc. and ALL OCCUPANTS." Libesman and Tzalka were not named in the unlawful detainer action.

Following a trial, the trial court declined to award possession to the landlord, reasoning that (1) the landlord's acceptance of a reduced rent during the COVID-19 pandemic had created a new month-to-month tenancy (thereby displacing the term lease that ended on May 31, 2021), (2) the landlord was thus required to give the type of notice to quit applicable to month-to-month tenancies, and (3) the landlord's notice to vacate by May 31, 2021, did not suffice.

The landlord appealed, and in March 2022, the Appellate Division reversed the trial court and awarded the landlord possession of the premises.

## III.  Civil Action

### A.  *Complaint*

On October 12, 2021, the landlord sued Elegant Fireplace, Libesman, and Tzalka (collectively, defendants) for breach of contract and account stated, seeking damages for unpaid rent and common area maintenance charges as well as attorney fees under the lease.[2]  In both the initial complaint and the operative

---

2      The landlord also had asserted a claim for negligent misrepresentation. However, that claim is not at issue in this

4

first amended complaint, the landlord "identifie[s]" each Libesman and Tzalka "as a Lessee" and "a signatory" to the lease. The landlord attached the lease to both complaints.

### B. *Demurrer*

Libesman filed a demurrer on the ground that he, as an individual, was not a party to the lease.[3] The trial court overruled the demurrer in May 2022, finding both claims to be "sufficiently pled."

### C. *Summary judgment motions*

In November 2022, Libesman and Tzalka filed identical motions for summary judgment asserting they were not liable under the lease on two grounds—namely, (1) they were not, as individuals, parties to the lease, and (2) the landlord had not named them as tenants in the unlawful detainer action, and thus was barred by collateral estoppel from suing them for damages as if they *were* tenants. In support of the first argument in their motions, Libesman and Tzalka submitted a copy of the lease that appears to be different from the lease attached to the landlord's complaint (and different from the one the landlord submitted in opposition to summary judgment). Libesman and Tzalka asked the trial court to consider this differently appearing lease based on a declaration of their counsel stating that the lease was "[a] true and correct copy of the fully executed commercial lease" (but

---

appeal because the trial court ultimately sustained a demurrer to this claim without leave to amend, and the landlord has not challenged this ruling.

[3] At this time, Libesman was represented by counsel and Tzalka was representing himself. They were eventually represented by the same counsel, but Tzalka later retained separate counsel after a default judgment was entered against defendants.

5

without any explanation for the discrepancies). They also filed a request for judicial notice of the landlord's complaint (and the lease attached to it). In support of the second argument in their motions, Libesman and Tzalka requested judicial notice of the filings and trial testimony from the unlawful detainer action.

The landlord opposed the motions and objected to the evidence of the lease as well as to the request for judicial notice of the unlawful detainer proceedings. The landlord also submitted its own evidence, which included testimony that (1) there was "no need to have" Libesman and Tzalka guarantee the lease because "they were already liable" as lessees, and (2) Tzalka had asked to be taken off the lease.

Following further briefing and a hearing, the trial court denied the motions on February 6, 2023. The court sustained the objections to the lease provided by Libesman and Tzalka for lack of foundation and declined to take judicial notice of the statements made in the unlawful detainer action.[4] Because the court ruled all of Libesman's and Tzalka's evidence inadmissible, the court denied the motions for failure to meet their initial burden on summary judgment.

### D. *Default judgment*

#### 1. *Defense counsel's failure to comply with Local Rule 3.25*

The trial court initially set trial for March 20, 2023.

Although Los Angeles County Superior Court Local Rule 3.25 obligates parties to submit several trial preparation documents (including a joint statement of the case, a joint witness list, a joint exhibit list, and jury instructions),

---

4    The court did not rule on the request for judicial notice of the landlord's complaint.

6

defendants' counsel refused to "provide[] any input" on the joint filings the landlord drafted, which made it impossible for the landlord to "timely fil[e]" the documents as required by the local rule. When defense counsel explained that she was "trying her first case and need[ed] more time to properly complete" the documents, the court granted two brief continuances of the trial date to give counsel time to "revise" and finalize the joint documents "pursuant to Local Rule 3.25." When defense counsel still did not comply, the court ultimately continued the trial date to October 16, 2023, due to the "lack of trial preparation by counsel."

In the weeks leading up to the October 2023 trial date, the landlord's counsel attempted to meet and confer with defendants' counsel on 13 separate occasions. However, defense counsel still did not comply in formulating the joint trial documents. When informed of this, the trial court granted defense counsel one more opportunity to "file supplemental and revised joint final status conference documents by October 12, 2023." Counsel did not do so.

>    2.    *Order to show cause*

On October 16, 2023, the trial court found that "[d]efendants have failed to comply with Local Rule 3.25" because they "have failed to participate in the formation of satisfactory jury instructions and amended verdict forms." The court set an order to show cause (OSC) for October 30, 2023 regarding "Striking of the Answers and Entering Defaults for Defendants' Failure to Comply with Local Rule 3.25."

Defendants' counsel did not file anything in response to the OSC, claiming "she was unaware that any response was necessary." At the OSC hearing on October 30, 2023, the trial

court ruled that "[t]he continued failure by defendants' counsel to cooperate with [opposing] counsel and the Court in the preparation of pretrial pleadings, the lack of preparation for trial by . . . defendants and failure to respond to the Court's OSC re dismissal compels the Court to strike . . . defendants' answers and enter defaults."[5]

### 3. *Default judgment*

Following a prove-up hearing, the court on November 22, 2023 entered a default judgment against defendants, jointly and severally, in the amount of $439,327.40.

### 4. *Post-judgment motions*

On December 4, 2023, Tzalka filed a motion to set aside the judgment, arguing that the trial court was limited by statute to imposing sanctions against only counsel for noncompliance with a Local Rule (rather than dismissing the clients' case).[6] Because such a motion may be entertained only within 75 days of the notice of entry of judgment, and because the first available hearing date Tzalka could reserve was outside that time limit, Tzalka filed an ex parte application to advance the hearing on his motion to set aside the judgment. The trial court denied the ex parte application, and then after the 75-day period ran, denied the motion for lack of jurisdiction.

## IV. Appeal

---

[5] Defendants then filed an ex parte application for the court to reconsider its order entering their defaults, which the court summarily denied.

[6] Elegant Fireplace and Libesman filed a notice of joinder in the motion, but the trial court found the notice to have "no effect."

8

Elegant Fireplace, Libesman, and Tzalka appealed the judgment.  We consolidated their appeals.

## DISCUSSION

Libesman argues that the trial court erred in overruling his demurrer and denying his summary judgment motion.[7]  Elegant Fireplace, Libesman, and Tzalka all argue that the trial court erred in striking their answers pursuant to the OSC and entering a default judgment against them.[8]

### I.    Ruling on Demurrer

Libesman argues that the trial court erred in overruling his demurrer because the lease attached to the landlord's complaint shows that the sole lessee is Elegant Fireplace (and that

---

[7]    In evaluating those rulings, we focus on the breach of contract claim because Libesman attacks the account stated claim on the same grounds as the breach of contract claim and because, contrary to Libesman's assertion, the law is clear that, until a case is submitted to a jury, a plaintiff may plead alternate theories and therefore the breach of contract and account stated claims can both be alleged in the complaint.  (*Ramsden v. Western Union* (1977) 71 Cal.App.3d 873, 881 [plaintiff may plead mutually exclusive remedies in the same complaint and submit to the trier of fact any theory supported by the evidence]; cf. *Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 655 [finding no prejudice in granting summary judgment on both breach of contract and account stated claims because plaintiff would have recovered the same amount of damages under either theory].)

[8]    Tzalka separately argues that the trial court erred in denying his ex parte application to advance the hearing on his motion to set aside the default judgment, but we need not reach that argument because we hold that the court erred in striking the answers and entering the default judgment in the first place.

9

Libesman signed solely as an officer of Elegant Fireplace), and that this language in the lease—which was attached as an exhibit to the complaint—trumps the landlord's contrary allegations that Libesman, as an individual, was also a lessee. (See *Falkowski v. Imation Corp.* (2005) 132 Cal.App.4th 499, 518 [CEO not personally liable on contract where CEO's signature was "above his printed corporate title"].)  We review de novo the trial court's order overruling the demurrer.  (*Cohen v. Superior Court* (2024) 102 Cal.App.5th 706, 716.)

The trial court did not err.  To withstand a demurrer, a plaintiff alleging a breach of contract claim must allege a contract between itself and the defendant.  (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 821; see generally *California Dept. of Tax & Fee Administration v. Superior Court* (2020) 48 Cal.App.5th 922, 929; Code Civ. Proc., § 430.10, subd. (e).) Although, in evaluating a demurrer, facts appearing in an exhibit to a complaint are generally given precedence over contrary allegations in the complaint (*Panterra GP, Inc. v. Superior Court* (2022) 74 Cal.App.5th 697, 712, fn. 13; *Nolte v. Cedars-Sinai Medical Center* (2015) 236 Cal.App.4th 1401, 1406), this rule of precedence applies only if the "conflict between [the] complaint's allegations and exhibits . . . is direct and indisputable"; if the exhibit "is ambiguous," the complaint's allegations construing that ambiguity are treated as controlling (*Panterra GP*, at p. 712, fn. 13; *SC Manufactured Homes, Inc. v. Liebert* (2008) 162 Cal.App.4th 68, 83; *Southern Pacific Land Co v. Westlake Farms, Inc.* (1987) 188 Cal.App.3d 807, 817; *Aragon-Haas v. Family Security Ins. Services, Inc.* (1991) 231 Cal.App.3d 232, 239; *Rutherford Holdings, LLC v. Plaza Del Rey* (2014) 223 Cal.App.4th 221, 229).

Here, the lease is ambiguous as to whether Libesman, as an individual, is an additional lessee. Although the lease's signature block at one point has Elegant Fireplace sign "by" Libesman (*Carlesimo v. Schwebel* (1948) 87 Cal.App.2d 482, 487), the preamble and the signature block explicitly list Libesman— without any qualification or limitation as a corporate officer— separately next to or beneath Elegant Fireplace, which is wholly unnecessary if Elegant Fireplace is the sole tenant; courts are loathe to read language in a contract as surplusage. (E.g., *Coral Farms, L.P. v. Mahony* (2021) 63 Cal.App.5th 719, 727.) Although the addenda to the lease list only Elegant Fireplace as lessee and also state that they prevail over the terms of the underlying lease, there is nothing to indicate that the supersession clause arguably applies to the identity of the lessee rather than simply the terms being altered or added by the addenda. Because the lease is ambiguous, the landlord's interpretive allegations control.

## II.    Summary Judgment Ruling

Libesman argues that the trial court erred in denying his motion for summary judgment because (1) the undisputed facts show that he, as an individual, is not a party to the lease, and (2) collateral estoppel bars the landlord from asserting that Libesman is a party to the lease where the landlord did not name Libesman, as an individual, as a tenant in the earlier unlawful detainer action.

We review the denial of a motion for summary judgment de novo. (*Mosley v. Pacific Specialty Ins. Co.* (2020) 49 Cal.App.5th 417, 422-423.) A defendant moving for summary judgment must show the cause of action has no merit by negating an element of that cause of action or showing a complete defense to that cause

11

of action.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843, 849; Code Civ. Proc., § 437c, subds. (a)(1), (p)(2).)  Only if the defendant meets that burden with admissible evidence does the burden shift to the plaintiff to show a triable issue of material fact as to the cause of action or defense.  (*Aguilar*, at p. 849; Code Civ. Proc., § 437c, subds. (c), (d), (p)(2).)

### A.   *Libesman, as an individual, not a party to the lease*

Summary judgment was properly denied on the first ground, which echoes the argument Libesman made in the demurrer, for three reasons.

First, the sole evidence Libesman offered in support of his argument that he was not, as an individual, a party to the lease was the lease itself, yet Libesman failed to submit any admissible evidence of the lease.[9]  The trial court ruled that the lease was not properly authenticated through the declaration of his counsel.  Because Libesman does not challenge this evidentiary ruling on appeal, there was no evidence to support his claim that the lease was only between the landlord and Elegant Fireplace, and Libesman failed to carry his initial burden on summary judgment.  (*Roe v. McDonald's Corp.* (2005) 129 Cal.App.4th 1107, 1114 [waiver unless assertedly erroneous evidentiary

---

[9]    Libesman submitted additional evidence to support the argument that he was not, as an individual, a party to the lease, but did not do so until he filed his reply.  The trial court declined to consider this late-submitted evidence (accord, *Severin Mobile Towing, Inc. v. JPMorgan Chase Bank, N.A.* (2021) 65 Cal.App.5th 292, 308 [trial court has "discretion" whether to consider evidence submitted with reply as long as the other party has notice and an opportunity to respond]), and Libesman does not appeal that ruling here.

ruling is identified "as a distinct assignment of error" and supported by analysis]; *Lopez v. Baca* (2002) 98 Cal.App.4th 1008, 1014-1015 [when appellant does not challenge order sustaining objections to evidence on summary judgment, "any issues concerning the correctness of [those] evidentiary rulings have been waived"].)

Second, and even if we overlook Libesman's waiver of any challenge to the court's evidentiary ruling, that ruling was correct. Although counsel can authenticate evidence through a declaration based upon personal knowledge (*Newport Harbor Offices & Marina, LLC v. Morris Cerullo World Evangelism* (2018) 23 Cal.App.5th 28, 49-50; *The Luckman Partnership, Inc. v. Superior Court* (2010) 184 Cal.App.4th 30, 34-35; *Landale-Cameron Court, Inc. v. Ahonen* (2007) 155 Cal.App.4th 1401, 1409), the declaration provided by Libesman's counsel did not state that she had any personal knowledge sufficient to authenticate the lease she attached. The importance of such knowledge is highlighted in this very case, where the lease counsel attached was not identical to the lease submitted by the landlord.

Third and lastly, even if the lease had been admitted (or, if as Libesman suggested at oral argument, we look to the version of the lease submitted by the landlord), Libesman has at most shown a dispute in the evidence. The landlord's version of the lease, on its final page, lists Libesman and Elegant Fireplace separately under the "By LESSEE" line, and beneath that line contains Libesman's signature as Elegant Fireplace's "President." The lease itself is thus unclear as to whether Libesman signed solely as Elegant Fireplace's President or also as an individual. Moreover, the declarations from witnesses proffered by the

13

landlord and Tzalka's emails being asked to be taken off of the lease further demonstrate a factual dispute over whether Libesman and Tzalka were also lessees.[10]

### B. *Issue preclusion*

Even if we assume that the trial court erred in declining to take judicial notice of the filings made in the unlawful detainer action (as opposed to the truth of those filings' contents), summary judgment was also properly denied on issue preclusion grounds.

As pertinent here, issue preclusion applies—and "prevents 'relitigation of previously decided issues'" between the same parties—only if the "'identical issue' was '"actually litigated and necessarily decided"' in the prior litigation and that litigation has been "'final[ly] adjudicat[ed].'" (*Samara v. Mata* (2018) 5 Cal.5th 322, 327, quoting *DKH Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 825.) Issue preclusion does not reach issues that were neither expressly nor impliedly submitted for decision in the prior action. (*Ayala v. Dawson* (2017) 13 Cal.App.5th 1319, 1327; *Rodriguez v. Lawrence Equipment, Inc.* (2024) 106 Cal.App.5th 645, 660 [collateral estoppel does not reach issues that are "'entirely unnecessary'" to the judgment in the prior proceeding].)

---

**10** For the first time at oral argument, Libesman asserted that the absence of his signature as an individual renders the lease void under the statute of frauds. (Civ. Code, § 1624.) This argument is waived because it was not raised in Libesman's briefs on appeal and forfeited because it was only raised in passing in his reply in support of his summary judgment motion. We accordingly do not reach the merits of this argument should it be presented at trial. We also have not been asked to weigh in on whether the landlord has proven assent to the lease by all defendants.

14

Issue preclusion does not bar the landlord's lawsuit against Libesman as an individual (or, for that matter, Tzalka) because the prior unlawful detainer action neither expressly nor implicitly adjudicated their status as tenants or lessees under the lease. The sole issue in the unlawful detainer action was *Elegant Fireplace's* right to possession of the premises. (Code Civ. Proc., §§ 1161, subd. (1) ["unlawful detainer" exists "[w]hen the tenant continues in possession . . . of the property . . . after the expiration of the term"], 1161.1 [applying to commercial real property]; *Hong Sang Market, Inc. v. Peng* (2018) 20 Cal.App.5th 474, 490-491; see generally *Malkoskie v. Option One Mortgage Corp.* (2010) 188 Cal.App.4th 968, 973 [unlawful detainer actions are given "limited res judicata effect" because they are a "summary proceeding ordinarily limited to resolution of the question of possession"]; *Vella v. Hudgins* (1977) 20 Cal.3d 251, 255 [same].) Because a landlord need only name as a defendant in an unlawful detainer action those "tenant[s] . . . in the actual occupation of the premises when the [unlawful detainer] complaint is filed" (Code Civ. Proc., § 1164; *ibid.* [providing that "nonjoinder of any person who might have been made party defendant" does not provide a basis for "abat[ing]" or "nonsuit[ing]" "proceeding[s]"]; *Arrieta v. Mahon* (1982) 31 Cal.3d 381, 392 [the failure to add otherwise indispensable parties is not fatal in unlawful detainer actions]), the landlord's decision only to name Elegant Fireplace as a defendant and not to list Libesman (or Tzalka) as tenants not in possession did not present for adjudication the issue of whether Libesman (or Tzalka) were also tenants or lessees.[11] Nor did the adjudication of Elegant

_____

[11] Even if Libesman or Tzalka had been in possession, the landlord's failure to name them as party defendants in the

15

Fireplace's possession affect the landlord's right to seek damages from anyone, as the Civil Code explicitly authorizes such post-unlawful detainer actions for damages. (Code Civ. Proc., § 1174.5; Civ. Code, §§ 1952, subd. (b), 1951.2, subd. (a)(1); *Hong Sang*, at pp. 492-493, 497.) Libesman asserts that the landlord's allegation in the unlawful detainer complaint that Elegant Fireplace was a tenant in possession is a judicial admission; this is true (*Gibbs v. American Airlines, Inc.* (1999) 74 Cal.App.4th 1, 11), but at best estops the landlord from denying that Elegant Fireplace was a tenant in possession—it does not prevent the landlord from asserting that Libesman was also a tenant/lessee.

## III.   OSC and Default Judgment

Defendants argue that the trial court erred in striking their answers and entering a default against them due to their counsels' failure to adhere to the Local Rule regarding the filing of joint trial documents. We generally review sanctions orders striking pleadings for violation of court rules for an abuse of discretion (*Lang v. Hochman* (2000) 77 Cal.App.4th 1225, 1246), but review de novo the subsidiary legal question of whether the court has the statutory authority to issue them (*Sheller v. Superior Court* (2008) 158 Cal.App.4th 1697, 1709).

Code of Civil Procedure section 575.2 authorizes a trial court to "strike out all or any part of any pleading" of a party and thereafter "enter a judgment by default against that party" if that party's counsel "fails to comply with any of the requirements" of any local rule. (Code Civ. Proc., § 575.2, subd.

---

unlawful detainer action is ineffectual because they have the right to object to any judgment if not properly served with a prejudgment claim of right to possession form. (Code Civ. Proc., § 1174.3.)

(a).)  But this statute goes on to provide that, "if a failure to comply with these rules is the responsibility of counsel and not of the party, any penalty shall be imposed on counsel and shall not adversely affect the party's cause of action or defense thereto." (*Id.*, subd. (b).)  In other words, "'a party's cause of action should not be impaired or destroyed by his or her attorney's procedural mistakes.'" (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 475; *State of California ex rel. Public Works Bd. v. Bragg* (1986) 183 Cal.App.3d 1018, 1025-1026 (*Bragg*) [this provision "sharply limits penalties in instances of [a]ttorney negligence," italics omitted]; *Shiheiber v. JPMorgan Chase Bank, N.A.* (2022) 81 Cal.App.5th 688, 695 [this provision "precludes an award of sanctions against an innocent client"]; *Cooks v. Superior Court* (1990) 224 Cal.App.3d 723, 726 [this provision "mean[s] that any sanction imposed shall be only upon counsel, not the innocent party"].)  A trial court must curtail its authority in this regard "on its own motion." (*Bragg*, at p. 1023.)

The trial court abused its discretion in striking defendants' answers and entering a default judgment because the court exceeded its authority by punishing defendants for their attorney's negligence in failing to comply with the local rule regarding joint trial documents.  Because the filing of trial documents is typically the responsibility of the attorney (rather than the client), and because there is no court finding or other evidence in the record indicating that defendants in this case were directing counsel to drag her feet or feign incompetence (e.g., *Moyal v. Lanphear* (1989) 208 Cal.App.3d 491, 503 [dismissal may be appropriate "where there is a clear showing that the client is the cause of counsel's failure to comply with [the] local . . . rules"]), the court's reliance on counsel's violation of

17

the local rule to gut any defense by defendants was improper. (See, e.g., *In re Marriage of Colombo* (1987) 197 Cal.App.3d 572, 578-580 [reversing sanction where there was "nothing in the record to support a conclusion that [the client] was responsible for the delay of any of her attorneys in the filing of a responsive pretrial statement"].)

The landlord resists this conclusion with three arguments. First, the landlord argues that the court's conduct in striking defendants' answers and entering a default judgment was based on defendants' violation of a court order (namely, the OSC), and thus valid under Code of Civil Procedure section 177 as a means of "compel[ling] obedience" to a "lawful order[]." (Code Civ. Proc., § 177, subd. (b).) This argument ignores that the only reason the OSC was issued was due to the attorney's violation of the local rule. We decline to treat a failure to respond to an OSC in writing as effectively supplanting any need to examine whether the court had authority to issue the OSC in the first place. Second, the landlord argues that courts need some mechanism for stopping dilatory tactics by client-defendants. This argument ignores that there is no evidence in *this case* that the defendant-clients were involved in their counsel's inability to file joint documents. There is also sufficient evidence that defense counsel (rather than defendants themselves) was the one at fault, thereby negating any need for defendants to present further evidence in response to the OSC as to their non-involvement in preparing trial documents. Lastly, the landlord argues that attorney misfeasance is not excusable, but this argument does nothing to address the mismatch of punishing the client for the attorney's misfeasance.

18

## DISPOSITION

The judgment is reversed.  The parties are to bear their own costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P.J.
HOFFSTADT


We concur:


_____, J.
 BAKER


_____, J.
 MOOR

19